UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CECIL NEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | )   13-2018 |
| v. | ) |
| | ) |
| JEROME COMBS DETENTION CENTER, | ) |
| KANKAKEE COUNTY SHERIFF'S | ) |
| DEPARTMENT, TIMOTHY BUKOWSKI, | ) |
| MICHAEL DOWNEY, JEFFREY LONG, | ) |
| M.D., CHAREE SANGSTER, MEDICAL | ) |
| PERSONNEL OF JEROME COMBS | ) |
| DETENTION CENTER, UNITED STATES | ) |
| MARSHAL SERVICE, and OTHER YET | ) |
| UNKNOWN DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |

ORDER ON MOTION TO DISMISS

      The plaintiff, Cecil Newell, through counsel, commenced this lawsuit on January 18, 2013.  Newell states that in August 2011 he was a federal inmate housed at the Jerome Combs Detention Center (JCDC).  Newell is partially paralyzed and has difficulty walking and standing, although he generally does not use a wheelchair.  Newell is incontinent and must use adult diapers.  He also has difficulties standing unassisted while bathing, using the toilet, etc.  Newell also suffers from asthma.

      When Newell was admitted to JCDC, he was not assigned to the medical unit but was assigned to a top bunk on the top floor.  He had great difficulty using the stairs, and needed help getting into and out of his bunk. One time, he attempted to get out of the bunk without help and fell, then sat on the floor for two hours calling for help.  He injured his good leg in the fall.  After a day or two, Newell was moved to a bottom bunk on the ground floor in the medical section.  But he could not stand long enough to shower, and no one assisted him.  Newell claims he had an asthma attack, but a guard refused to believe him.  He also claims that for the first few days after he was booked, he was not given diapers and had to sit in his own waste.  Newell was also refused medications for his asthma, and medication for pain and muscle spasms resulting from his fall.

      The defendants have filed a motion to dismiss.  They argue that the complaint does not allege sufficient personal involvement by defendants other than Long and Sangster, and does not allege sufficient facts supporting a Section 1983 municipal liability claim.  The defendants also argue that state law claims of negligence, gross negligence, and intentional infliction of emotional distress are barred by the one-year limitation period of the Illinois Tort Immunity Act,

745 ILCS 10/1-101 et seq. They also argue that Newell has failed to allege an ADA claim against the Kankakee County Sheriff's Office. Finally, the defendants argue that Newell has not filed an affidavit to support his medical malpractice claim as required by 735 ILCS 5/2-622(a). They ask that the complaint be dismissed with prejudice.

This court's Local Rules specify that any party opposing a motion that raises a question of law "must file a response to the motion, including a brief statement of the specific points or propositions of law and supporting authorities upon which the responding party relies. The response must be filed within 14 days after service of the motion and memorandum. If no response is timely filed, the presiding judge will presume there is no opposition and may rule without further notice to the parties." CDIL-LR 7.1(B)(2).

The motion and memorandum were filed on April 22, 2013. The docket reflects a response deadline of May 9, 2013. Newell has not responded to the motion. In addition, the lawsuit was filed more than 120 days ago, and Newell has not filed a proof of service as to the United States Marshal Service.

At least some of the defendants' arguments for dismissal may be meritorious. However, it is not the court's role to advocate for Newell. The plaintiff, though his counsel, shall file, no later than the close of business on June 6, 2013, either (1) a response in opposition to the motion, or (2) an amended complaint. If Newell does not respond or amend his complaint by that deadline, the court will presume that he has abandoned the litigation and will dismiss the case for failure to prosecute.

Entered this 23rd day of May, 2013.

**s/Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE